**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID J. CATANZARO,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:15-556** |
| **v.** | : | **(JUDGE MANNION)** |
| **SPIN MASTER, LTD,** *et al.*, | : | |
| **Defendants** | : | |

## O R D E R

Pending before the court are two motions filed by the plaintiff: (1) a motion to reopen the above-captioned matter (Doc. 8); and (2) a motion to file an amended complaint (Doc. 9).

The plaintiff filed the above-captioned matter back in 2015 seeking declaratory relief and damages in relation to an alleged patent infringement by defendants. He later voluntarily withdrew the action without prejudice. In the instant motion, he provides that he is the owner of United States Patent No. 7,653,959 B1 (the "959 patent") and that the 959 patent is a continuation of United States Patent No. 6,026,532 (the "532 patent"). The plaintiff claims that he brought the action without having joint ownership of the 959 and 532 patents, which was required under the terms of a disclaimer in the 959

patent. The plaintiff states that this was the basis of the voluntary dismissal of the action.

Subsequent to the dismissal of the action, on August 31, 2016, the plaintiff claims that he was assigned the 532 patent and had full legal right to proceed with his claims. Over six years later, on November 4, 2022, the plaintiff filed the instant motion asking that the court to reopen the action. In doing so, he provides that the 959 patent was issued on February 2, 2010 and expired on December 30, 2016. He argues that under Section 286 of the Patent Act[1], he can enforce his rights for "up to a full six year look back." As such, he argues that this would give him until December 30, 2022 to seek to reopen the action.

Initially, the court notes that the plaintiff failed to file a brief in support of his motion to reopen. In accordance with Local Rule 7.5, the plaintiff was required to file a brief in support of his motion within fourteen (14) days. Otherwise, the motion shall be deemed withdrawn.

Moreover, in considering the plaintiff's motion, the plaintiff's prior dismissal without prejudice rendered him able to refile his action when he, in fact, had the right to do so. It did not allow him to reopen the original action, which he admittedly had no right to bring in the first place. To grant such

---

[1] 35 U.S.C. §286.

motions would allow plaintiffs who have no right to bring an action to essentially stop the clock on filing. They could file the action without any right to do so, voluntarily dismiss the action without prejudice, wait an indeterminate amount of time until they obtain the right to file the action, and then request to reopen the action. Such allowance would yield inequitable results.

Moreover, Rule 41, under which the plaintiff voluntarily withdrew his claims, provides its own set of procedural rules regarding how a party may continue if the party wishes to proceed with his claims. After a plaintiff's voluntary dismissal, the plaintiff may file the complaint one more time, but if the complaint is dismissed voluntarily again, it will be with prejudice. Fed.R.Civ.P. 41(a)(1)(B). Furthermore, if the plaintiff does file the same claims against the same defendants after a Rule 41 voluntary dismissal, Rule 41 provides that the plaintiff may be held liable for the costs incurred during "that previous action." Fed.R.Civ.P. 41(d). Thus, Rule 41 has procedures in place meant to discourage plaintiffs from repeatedly filing and voluntarily dismissing complaints in federal court.

On the basis of the foregoing, **IT IS HEREBY ORDERED THAT:**

**(1)** The plaintiff's motion to reopen **(Doc. 8)** is **DENIED**.

**(2)** The plaintiff's motion to file an amended complaint **(Doc. 9)** is

**DISMISSED AS MOOT**.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: January 10, 2023**
15-556-01